UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTLAW LABORATORY, LP, a Texas limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>TREPCO IMPORTS & DISTRIBUTION, LTD. D/B/A TREPCO WEST D/B/A TREPCO SALES COMP ANY D/B/A KENNEDY WHOLESALE, a Michigan Corporation, and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No.: 3:19-cv-01229-GPC-BGS<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE; AND**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION.**<br><br>**ECF Nos. 5, 7.** |

Before the Court are Plaintiff's motion for a preliminary injunction and Defendant's motion to dismiss the complaint. In light of Plaintiff's dilatory conduct, the Court grants Defendant's motion to dismiss. Consequently, the Court also finds Plaintiff's motion for a preliminary injunction is denied as moot. Moreover, in so far as this matter is determined on procedural grounds and the merits are not considered, any request for judicial notice is also moot.

## I. Procedural History

On July 1, 2019, Plaintiff Outlaw Laboratory ("Plaintiff" or "Outlaw") filed a one-count complaint against Defendants Trepco Imports & Distribution ("Defendant" or "Trepco"), operating under several d/b/a's, and Does 1-100, alleging that Defendants had violated the Lanham Act, 15 U.S.C. § 1051 et seq., by distributing misbranded male enhancement pills. ECF No. 1. On August 12, 2019, Defendant filed a motion to dismiss Plaintiff's complaint arguing (1) that Plaintiff's claim was barred by *res judicata* given the dismissal of another Lanham Act claim in a prior Nevada suit between the same parties and (2) that Plaintiff had failed to state a claim for which relief could be granted. ECF No. 5. Then, on August 15, 2019, Plaintiff filed a motion for preliminary injunction, seeking a court order enjoining Defendant from advertising, marketing, distributing, and selling certain male enhancement products. ECF No. 7.

On August 22, 2019, the Court noticed both motions for a hearing to be held on November 1, 2019. ECF No. 8. The Court ordered that opposition briefs be filed on or before September 12, 2019 and that any replies be filed on or before September 19, 2019. *Id.* Defendant filed a timely brief opposing Plaintiff's motion for preliminary injunction. ECF No. 9. To date, Plaintiff has yet to file an opposition to Defendant's motion to dismiss. Neither party filed a reply.

## II. The Court Grants Trepco's Motion to Dismiss Pursuant to Local Rule 7.1.2.

Civil Local Rue 7.1.e.2 requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar dates of the noticed hearing (or when otherwise scheduled by the Court). CivLR 7.1.e.2. Failure to comply with this rule "may constitute a consent to the granting of a motion." CivLR 7.1.f.3.c. Local Rules have the force of law, *United States v. Hvass*, 355 U.S. 570, 574–75 (1958), and courts have discretion to dismiss a case for failure to comply with them. *Ghazali v. Moran*, 36 F.3d 26 52, 53 (9th Cir. 1995).

Before dismissing an action, "the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421 , 1423 (9th Cir.1986)).

Here, the Court finds that these factors weigh in favor of dismissal. First, with respect to the first two factors, "the record indicates that [Plaintiff] received notice," *Ghazali*, 46 F.3d at 54, as Defendant's motion includes a signed certificate of service. ECF No. 5 at 3. Also, as Plaintiff was given one month to file an opposition, Plaintiff had "ample time to respond to the motion to dismiss." *Id.* Courts of this district have recently dismissed cases where plaintiffs received the same or less time to brief a response. *See, e.g., Garrison v. Ringgold*, No. 19-CV-244-GPC-RBB, 2019 WL 4015568, at *1–2 (S.D. Cal. Aug. 26,2019) (briefing period of two weeks in response to an anti-SLAPP motion); *Turner v. Berryhill*, No. 17-CV-1130-CAB-BGS, 2018 WL 501010, at* 1 (S.D. Cal. Jan. 19, 2018) (briefing period of four weeks in response to a motion to dismiss).

A dismissal here is also not a "drastic sanction" nor is the "the risk of prejudice to the" Plaintiff high as a meritorious complaint may be re-filed with the Court's permission. Fed. R. Civ. Pro. 15(a)(2). Lastly, while disposing of a case on its merits is appropriate in some situations, here Plaintiff's failure to file a response evinces a consent to dismiss. CivLR 7.l.e.2; *Larson-Valentine v. Travelers Commercial Ins. Co.*, No. 19-CV-1209-GPC-AGS, 2019 WL 3766562, at* 1 (S.D. Cal. Aug. 9, 2019) ("Plaintiff's failure to oppose constitutes a waiver or abandonment of the issues raised in Defendant's motion") (citations omitted). Thus, the court finds that analyzing the merits of Defendant's motion to dismiss would be superfluous.

In sum, the Court concludes that a dismissal of Plaintiff's complaint is appropriate here pursuant *Ghazali* and **GRANTS** Defendant's motion to dismiss on that basis.

1  **III.    The Court Denies Outlaw's Motion for a Preliminary Injunction as Moot.**

Under Article III of the United States Constitution, federal courts may only adjudicate cases or controversies, i.e., matters containing "actual and concrete disputes, the resolutions of which have direct consequences on the parties involved." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). The case-or-controversy requirement is jurisdictional. *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008); *Headwaters, Inc. v. Bureau of Land Mgmt.*, 893 F.2d 1012, 1015 (9th Cir.1990). Hence, in the absence of a genuine "case or controversy," the Court cannot rule on the matter and the case is said to be "moot." *Pinnacle Armor, Inc. v. United States*, 648 F.3d 708, 715 (9th Cir. 2011) (citations and quotations omitted). Similarly, a party cannot seek injunctive relief without first alleging a case or controversy in the operative pleading, the complaint. *Stewart v. US INS*, 762 F.2d 193, 198 (2d Cir. 1985) ("Only after an action has been commenced can preliminary injunctive relief be obtained."); *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631 , 633 (9th Cir. 2015) ("A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pied in the complaint, the court does not have the authority to issue an injunction.").

Here, the Court has dismissed Plaintiff's complaint for failure to prosecute its case pursuant to Local Rule Civil Local Rue 7.1.e.2. There is thus "no case or controversy pending before the Court, and the Court does not have subject matter jurisdiction" to hear Plaintiff's motion. *Silveira v. CoreCivic*, No. 519-CV-00629-FMO-MAA, 2019 WL 2932645, at *2 (C.D. Cal. May 23, 2019). Consequently, as has been the longstanding practice of this District, the Court **DENIES** Plaintiff's request for a preliminary injunction as moot. *See, e.g.*, *Raymond J Lucia Companies, Inc. v. U.S. Sec. & Exch. Comm'n*, No. 18-CV-2692-DMS-JLB, 2019 WL 3997332, at *3 (S.D. Cal. Aug. 21, 2019) (dismissing the complaint on a motion to dismiss and then denying plaintiff's

motion for preliminary injunction as moot); *Grant v. Bostwick*, No. 15-CV-874-WQH-BLM, 2015 WL 6442303, at *5 (S.D. Cal. Oct. 22, 2015) (same); *Stewart v. St. Vincent de Paul, Inc.*, No. 12-CV-642-BEN-KSC, 2012 WL 3205576, at *3 (S.D. Cal. Aug. 6, 2012) (same); *Hinrichs v. Olsen, et al*, No. 06-CV-2547-JAH-AJB, 2007 WL 9778028, at *3 (S.D. Cal. Apr. 2, 2007) (same); *Do-Nguyen v. Clinton*, 100 F. Supp. 2d 1241, 1248 (S.D. Cal. 2000) (same); *Council for Life Coal. v. Reno*, 856 F. Supp. 1422, 1432 (S.D. Cal. 1994) (same).

## IV. Conclusion

For the foregoing reasons, the Court **ORDERS** that:

1) Defendant's motion to dismiss the complaint is **GRANTED**;

2) Plaintiff's motion for a preliminary injunction is **DENIED** as moot; and

3) Any requests for judicial notice are **DENIED** as moot.

**IT IS SO ORDERED.**

**Dated: October 23, 2019**

Hon. Gonzalo P. Curiel
United States District Judge